UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

C.T., a minor child by her mother and next friend, T.R.,

Plaintiff,

v.      4:12-cv-149

LIBERTY COUNTY SCHOOL SYSTEM; ROOSEVELT TAZEWELL, in his official and individual capacity; DR. JUDY SCHERER, Superintendent of the Liberty County School System; MARY ALEXANDER, Deputy Superintendent of the Liberty County School System; and JAMES THOMAS ALEXANDER, Principal of Lewis Frasier Middle School in Liberty County, Georgia,

Defendants.

## ORDER

Before the Court is a Motion to Dismiss Dr. Judy Scherer, Mary Alexander ("M. Alexander"), and James Thomas Alexander ("J.T. Alexander") as defendants in this case. ECF No. 36. For the following reasons, the Court *DENIES* the motion.

Plaintiff has brought claims under 42 U.S.C. § 1983[1] against Scherer, M. Alexander, and J.T. Alexander, in their official capacities,[2] based on their actions in response to sexual harassment allegations by Plaintiff's parents against Tazewell. ECF No. 1 at 12. Plaintiff seeks both equitable relief and "compensatory damages from these [three] Defendants." *Id.* at 13.

Defendants assert that "[b]ecause Plaintiff's claims are brought against these individual Defendants in their Official Capacities, they are claims against the [Liberty County] School System and should be dismissed." *Id.* at 1-2. Plaintiff argues that because she seeks equitable relief, dismissal of her claims against Scherer, M. Alexander, and J.T. Alexander is inappropriate. ECF No. 38 at 3-4.

The Court must first determine whether the Liberty County School System ("LCSS") is an arm of the state immune from suit, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that a state is not a person, and thus not liable, under § 1983), or a municipal entity subject to § 1983 liability. *See McMillian v. Johnson*, 88 F.3d 1573, 1577 (11th Cir. 1996) (holding that local government entities are "persons" that "may be sued under § 1983 for constitutional violations caused by policies or customs made by its lawmakers," including "those whose edicts or acts may fairly be said to represent official policy.").

---

[1] Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ."

[2] The Court notes a lack of clarity as to whether Plaintiff has sued these defendants in their individual or official capacities. Regardless, Plaintiff does not contest the Defendants' characterization of this suit as being against Scherer, M. Alexander, and J.T. Alexander in their official capacities. And the time period for amendment of pleadings has long since passed. The Court therefore treats the relevant claims as being against Scherer, M. Alexander, and J.T. Alexander solely in their official capacities.

If the LCSS is an arm of the state—and thus immune to suit under § 1983—Plaintiff's claims against it must fail. *See Will*, 491 U.S. at 71. Failure of those claims, however, creates the conditions for the survival of others. If the LCSS is an arm of the state, Plaintiff's claims against Scherer, M. Alexander, and J.T. Alexander would survive because "a state official in his or her official capacity, when sued for *injunctive* relief, [is] a person [subject to suit] under § 1983." *Id.* at 71 n.10 (emphasis added). Plaintiff's claims, moreover, would no longer duplicate those against the LCSS.

If, on the other hand, the LCSS is a local government entity subject to suit for both monetary and equitable relief, Plaintiff's claims against these three defendants in their official capacities are duplicative of the claims against LCSS and therefore possibly subject to dismissal. *See Monell v. N.Y.C. Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978) (holding that suits against people in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent.").

"To decide whether or not a school [district] is a political arm of the state," courts "look to the state law in the state in which the school [district] exists." *Flanagan v. Bd. of Educ.*, No. 4:98-cv-278, ECF No. 45 (S.D. Ga. Mar. 19, 2001) (citing *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429-30 (1997)). And Georgia law unambiguously treats school districts, and school boards, as arms of the state entitled to sovereign immunity. *See, e.g.*, O.C.G.A. § 28-5-48 (defining "local political subdivision" to include county school districts); O.C.G.A. § 50-5-143 (defining "political subdivision" to include county boards of education); *Davis v. Dublin Cnty. Bd. of Educ.*, 219 Ga. App. 121, 122 (1995) (holding that "[s]chool districts are political subdivisions of th[e] State."); *Johnson v. Gwinnett Cnty. Sch. Dist.*, No. 1:11-cv-471, 2012 WL 5987584, at *5 (N.D. Ga. Oct. 17, 2012) (stating that the Gwinnett County School District "is a political subdivision of the state of Georgia.").

So, Plaintiff's claims against the LCSS must fail because the LCSS, as an arm of the state, is not a person for purposes of § 1983. But that failure opens the door for Plaintiff's claims against Scherer, M. Alexander, and J.T. Alexander for equitable relief to survive because "official-capacity actions for prospective relief are not treated as actions against the State." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Ex parte Young*, 209 U.S. 123 (1908)). In suing these three defendants, Plaintiff therefore is not "reiterating her claim against [the LCSS]." ECF No. 36 at 2. Defendants' motion to dismiss is *DENIED*.

This 25 day of February 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2